**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

FILED
DEC 15  2 51 PM '03
U.S. DISTRICT COURT
NEW HAVEN CONN

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 13 day of November Two thousand three.

PRESENT:

  PIERRE N. LEVAL
  JOSÉ A. CABRANES
      *Circuit Judges*
  NICHOLAS G. GARAUFIS*
      *District Judge*

------------------------------------x

IN RE ALL-TYPE PRINTING, INC.,

    *Debtor,*

------------------------------------x

MICHAEL J. DALY, as Trustee for
All-Type Printing, Inc.,

    *Plaintiff-Appellant*

  v.            No. 03-5003

RALPH A. FUSCO and SHIRLEY FUSCO,

    *Defendants-Appellees.*

------------------------------------x

* The Honorable Nicholas G. Garaufis, of the United States District Court for the Eastern District of New York, sitting by designation.

ISSUED AS MANDATE: DEC 10 2003

| | |
|---|---|
| **APPEARING FOR APPELLANT:** | DOUGLAS SKALKA (James A. Lenes, *of counsel*), Neubert, Pepe & Monteith, New Haven, CT |
| **APPEARING FOR APPELLEES:** | D. Kirt Westfall, Westfall & Behrens, New Haven, CT |

Appeal from a judgment of the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is hereby **AFFIRMED.**

This is an appeal from a judgment of the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*) affirming a judgment of the United States Bankruptcy Court for the District of Connecticut (Albert S. Dabrowski, *Judge*) in favor of the defendants Ralph A. Fusco and Shirley Fusco. On appeal, the trustee argues that the Bankruptcy Court erred when it entered judgment in favor of the Fuscos with respect to the trustee's claim for recovery of an unpaid debt on the alternative grounds (a) that All-Type enjoyed a specialized credit rather than a general right to payment, and (b) that even if the specialized credit were considered a right to payment, the payment was contingent upon the redemption of shares, and contingent debt falls outside the scope of 11 U.S.C. § 542(b). The trustee argues also that the Bankruptcy Court erred when it entered judgment in favor of the Fuscos on the trustee's state and federal constructive fraud claims on the grounds (a) that the trustee lacked standing to bring the state law claims, and (b) that, in any event, All-Type received reasonably equivalent value for its payments to the Fuscos, thus precluding avoidance of those payments under Connecticut law or the Bankruptcy Code's avoidance provisions.

We have reviewed the record, and we find no error in the Bankruptcy Court's judgments in favor of the Fuscos. The findings on which the Bankruptcy Court's judgments rested, *i.e.*, that the Fuscos owed no debt to All-Type within the meaning of Section 542(b) and that All-Type received reasonably equivalent value in return for its payments to the Fuscos, were within the Bankruptcy Court's discretion.

We have considered all of the trustee's claims on appeal and we hereby **AFFIRM** the judgment of the District Court.

FOR THE COURT,

Roseann B. MacKechnie, Clerk of Court

By  *Lucille Carr*

A TRUE COPY
Roseann B. MacKechnie, CLERK
by /s/ Deputy Clerk

3